UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JENNIFER HALE, | § § § § |
| Plaintiff, | § § |
| vs. | §  Case No._____ |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | § § § § |
| Defendant. | § § |

## COMPLAINT

Plaintiff Jennifer Hale ("Plaintiff") files this Complaint against Portfolio Recovery Associates LLC, ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA''), and in support thereof, states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff, by her attorneys, brings this action to challenge the actions of Defendant with regard to its attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff, which conduct caused Plaintiff actual damages, including out-of-pocket damages and severe

emotional distress.

3. Plaintiff makes these allegations on information and belief, except for those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While the Complaint describes violations with specificity below, this Complaint alleges violations of the FDCPA in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Tennessee.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain reasonable procedures adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION & VENUE

8. Original subject matter jurisdiction is valid in the U.S. District Court pursuant to 28 U.S.C. § 1331 because this case arises out of Defendant's violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

10. Venue is also proper in the U.S. District Court, Eastern District of Tennessee, pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in

*Complaint and Demand for Jury Trial*
**PAGE 2 OF 9**
Case 2:22-cv-00063-DCLC-CRW   Document 1   Filed 06/01/22   Page 2 of 9   PageID #: 2

which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

11. Plaintiff is a natural person who, for all times relevant hereto, has resided in Jonesborough, Tennessee.

12. Defendant is a corporation incorporated under the laws of Delaware with its headquarters in Norfolk, Virginia. Plaintiff further alleges that, at all times relevant, Defendant conducted business within the state of Tennessee and this Judicial District.

13. Defendant's registered agent for service of process as it was reported to the Tennessee Secretary of State is as follows: Corporation Service Company at 2908 Polston Avenue, Nashville, Tennessee 37203.

## FACTUAL ALLEGATIONS

### The 2800 account

14. Sometime prior to April 2021, Plaintiff is alleged to have incurred a consumer debt with Synchrony Bank, original account number ending in 2800, in the amount of $3,090.65 (the "Debt").

15. Sometime thereafter but prior to April 2021, Plaintiff allegedly fell behind on payments owed on the Debt, and the Debt was transferred from Synchrony Bank to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in an attempt to collect upon the Debt.

16. On or around May 11, 2021, Defendant sent Plaintiff a letter via mail notifying Plaintiff of the change in account ownership and attempting to collect the Debt from Plaintiff.

17. On or around May 21, 2021, Defendant sent Plaintiff a second letter via mail

*Complaint and Demand for Jury Trial*
**PAGE 3 OF 9**
Case 2:22-cv-00063-DCLC-CRW   Document 1   Filed 06/01/22   Page 3 of 9   PageID #: 3

attempting to collect the Debt from Plaintiff.

18. Concerned by Defendant's collection letters, on or around May 24, 2021, Plaintiff sent Defendant a letter via fax disputing the Debt, demanding validation, verification and proof of the Debt which Defendant claimed was owed by Plaintiff (the "First 2800 Dispute"), which was confirmed to be received by Defendant.

19. Despite Plaintiff sending the First 2800 Dispute to Defendant and Defendant receiving the First 2800 Dispute, Defendant decided to move forward with collection attempts against Plaintiff without validating the alleged Debt.

20. Specifically, thirty-six (36) days after Plaintiff's First 2800 Dispute, on or around June 29, 2021, without providing Plaintiff the requested validation, verification, or proof of the Debt, Defendant sent Plaintiff another letter via mail attempting to collect the Debt and provided Plaintiff with several "savings plans" and requested the first payment by August 2, 2021.

21. Additionally, without providing the requested validation and/or proof of the Debt to Plaintiff, on or around September 9, 2021, Defendant sent Plaintiff another letter boldly titled "Account Transferred to Litigation Department." The letter stated: "At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account" and provided Plaintiff with several "savings plans," requesting the first payment by October 25, 2021.

22. About one (1) month later, on or around October 10, 2021, Defendant sent Plaintiff another letter identical to the one previously sent, with several "savings plans," requesting the first payment by October 25, 2021.

23. On or around November 24, 2021, Defendant provided Plaintiff with a response to the First 2800 Dispute where in Defendant stated "At the time of the sale, the Seller provided

*Complaint and Demand for Jury Trial*
**PAGE 4 OF 9**
Case 2:22-cv-00063-DCLC-CRW   Document 1   Filed 06/01/22   Page 4 of 9   PageID #: 4

an electronic file of its business records containing information concerning the account; a summary of which can be found below" but only enclosed a single billing statement from the original creditor from the billing period of February 2020 through March 2020.

24. The letter also stated: "Please contact us if you would like to receive a payment history of payments that have posted to this account since our company purchased the account."

25. On December 10, 2021, Plaintiff sent Defendant another letter via fax disputing the Debt, demanding validation, verification, and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Second 2800 Dispute"), which was confirmed to be received by Defendant.

26. Defendant never responded to Plaintiff's Second 2800 Dispute.

## The 7697 Account

27. Sometime prior to July 2021, Plaintiff is alleged to have incurred a consumer debt with Capital One Bank, original account number ending in 7697, in the amount of $3,044.16 (the "Debt").

28. Sometime thereafter but prior to July 2021, Plaintiff allegedly fell behind on payments owed on the Debt, and the Debt was transferred from Capital One Bank to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in an attempt to collect upon the Debt.

29. On or around July 31, 2021, Defendant sent Plaintiff a letter via mail notifying Plaintiff of the change in account ownership and attempting to collect the Debt from Plaintiff.

30. Concerned by Defendant's collection letter, on or around August 18, 2021, Plaintiff sent Defendant a letter via fax disputing the Debt, demanding validation, verification and proof of the Debt which Defendant claimed was owed by Plaintiff (the "First 7697 Dispute"),

*Complaint and Demand for Jury Trial*
**PAGE 5 OF 9**
Case 2:22-cv-00063-DCLC-CRW   Document 1   Filed 06/01/22   Page 5 of 9   PageID #: 5

which was confirmed to be received by Defendant.

31. Despite Plaintiff sending the First 7697 Dispute to Defendant and Defendant receiving the First 7697 Dispute, Defendant decided to move forward with collection attempts against Plaintiff without validating the alleged Debt.

32. Specifically, seventeen (17) days after Plaintiff's First 7697 Dispute, on or around September 4, 2021, without providing Plaintiff the requested validation, verification, or proof of the Debt, Defendant send Plaintiff another letter via mail attempting to collect the Debt.

33. Defendant never responded to Plaintiff's First 7697 Dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§1692, et seq.

34. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of the Complaint as though fully stated herein.

35. Defendant continued to send Plaintiff collection letters in an attempt to collect on the alleged Debts without first providing Plaintiff with the requested validation, verification, and/or proof of the Debt.

36. The purpose of the collection letters was to cause confusion, fear, anxiety, and embarrassment in Plaintiff; to induce Plaintiff to make payments to Defendant; and to collect on an alleged Debt that Defendant cannot legally pursue.

37. The false statements regarding the Debt did in fact cause Plaintiff to suffer embarrassment, fear, and anxiety, which Plaintiff would not have experienced but for the false statements and representations made in the collection letters.

38. As a party who was allegedly obligated to pay a debt, Plaintiff is a "consumer" as

*Complaint and Demand for Jury Trial*
**PAGE 6 OF 9**
Case 2:22-cv-00063-DCLC-CRW   Document 1   Filed 06/01/22   Page 6 of 9   PageID #: 6

that term is defined by 15 U.S.C. § 1692a(3).

39. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another party and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

40. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reasons of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

41. Defendant's collection letters to Plaintiff constitute a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

42. Based on the foregoing, Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff by continuing collection activities without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

43. Defendant violated 15 U.S.C §§ 1692e and 1692e(10) by continuously attempting to collect upon an alleged debt from Plaintiff through the use of false representations or deceptive means without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

44. Section 1692g(b) of the FDCPA states in pertinent part that "[i]f the consumer notifies the debt collector in writing within [a] thirty-day period . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original credit, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . .."

*Complaint and Demand for Jury Trial*
**PAGE 7 OF 9**
Case 2:22-cv-00063-DCLC-CRW   Document 1   Filed 06/01/22   Page 7 of 9   PageID #: 7

45. Here, Defendant violated 15 U.S.C. § 1692g(b) by continuing its attempts at collecting Plaintiff's alleged Debt without first obtaining verification of the Debt after Plaintiff had sent it a Dispute within thirty days of Defendant's first collection attempt.

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing and willful violation in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant, to 15 U.S.C. § 1692k(a)(3) from Defendant.

## DEMAND FOR JURY TRIAL

47. Please take notice that Plaintiff hereby demands a trial by jury in this action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

- Finding that Defendant's conduct violated 15 U.S.C. §§1692, et seq. and granting an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant.

- Granting an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant.

- Granting an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- Awarding any and all other relief that this Court deems just and proper.

//

//

//

//

*Complaint and Demand for Jury Trial*
**PAGE 8 OF 9**
Case 2:22-cv-00063-DCLC-CRW   Document 1   Filed 06/01/22   Page 8 of 9   PageID #: 8

Dated: June 1, 2022                               Respectfully submitted,

                                            **KAZEROUNI LAW GROUP, APC**

                                            By: <u>/s/ Amy L. B. Ginsburg</u>
                                            Amy L.B. Ginsburg, Esq.
                                            BPR No. 028563
                                            amy@kazlg.com
                                            245 Fischer Ave,
                                            Costa Mesa, CA 92626

                                            1012 N. Bethlehem Pike,
                                            Suite 103, Box #9
                                            Ambler, PA 19002
                                            Telephone: (800) 400-6808
                                            Fax: (800) 520-5523

                                            *Attorneys for Plaintiff*

*Complaint and Demand for Jury Trial*
**PAGE 9 OF 9**
Case 2:22-cv-00063-DCLC-CRW   Document 1   Filed 06/01/22   Page 9 of 9   PageID #: 9